**Patricia Mayo SHAFER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–190–CR.**

Court of Appeals of Texas,
Fort Worth.

April 4, 1996.

Rehearing Overruled May 9, 1996.

Brett D. Boone, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Fort Worth, Betty Marshall and Charles Mallin, Assistant Chiefs of the Appellate Division, Fort Worth, C. James Gibson, Sandy Lawrence, and Paul Bezney, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

The issue presented in this appeal is whether a defendant on trial for the offense of driving while intoxicated is entitled to a jury instruction on the defense of necessity where there is evidence the defendant was not intoxicated when she began driving, but subsequently became intoxicated during the drive and was attempting to stop the car at the time of her arrest. We hold a defendant in such circumstances is *not* entitled to an instruction on the defense of necessity.

Appellant Patricia Shafer was convicted by a jury of the offense of driving while intoxicated. A review of the testimony in the light most favorable to her defense [1] reveals that on the night of December 18, 1993, Shafer, accompanied by her daughter, attended a Christmas party in the City of Watauga. At the party Shafer had three or four glasses of wine. After leaving the party, the women went to a bowling alley and then to a nightclub in the City of Bedford. Before leaving the nightclub she drank several beers. In all, Shafer estimated she consumed seven or eight alcoholic drinks. She testified she did not believe she was intoxicated when they began their trip home; however, as she continued to drive on State Highway 183 toward their residence in the City of Saginaw, she felt the effect of the alcohol and told her daughter she "didn't need to be driving." [2]

In an effort to switch drivers, Shafer exited the highway and was looking for a lighted area on the access road in which to stop her car. Unfortunately for Shafer, Noel Pond, a

---

1. A charge on justification is required whenever evidence raising the issue is presented, without regard to the strength of the evidence or the credibility of the persons from whom the evidence is obtained. *See Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App.1991). Therefore, unlike legal challenges to the sufficiency of the evidence, we review the evidence raising the issue in the light most favorable to the defense.

2. The State argues this testimony does not constitute an admission by Shafer that she committed the offense—a necessary prerequisite for any defendant seeking a jury instruction on a justification defense. *See Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). We do not agree. We believe this testimony, coupled with testimony that she was starting to "feel the effects" of the alcohol and "needed to find a place to pull over and park" because any continuation on the highway would "pose a threat of some danger" to herself and others, was tantamount to an admission that she *was,* in fact, driving while intoxicated. We also note that the trial prosecutor, during his closing argument, repeatedly commended Shafer for "her honesty." The prosecutor directly asserted that Shafer's "honesty, [in addition to being commendable], has also given you the facts that you need in this case," and that "she knows she was intoxicated because she told you [the jury]."

City of Bedford Police Officer, was on patrol on the same service road and noticed her vehicle proceeding slowly and erratically. Officer Pond initiated a traffic stop. A field sobriety test and breath test followed. Shafer failed both. At trial, she attempted to advance the defense that she was driving while intoxicated on the service road out of necessity; in essence, arguing that she had to drive while intoxicated a short distance to insure the safe switch of drivers in order to avoid the hazards of driving while intoxicated on the highway.

█ Shafer presents one point of error on appeal, contending the trial court erred in refusing her requested instruction on the defense of justification based on necessity. Our Penal Code provides that conduct is justified if:

> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX.PENAL CODE ANN. § 9.22 (Vernon 1994).

█ In addition, it is the law of this state that a person who is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense is not entitled to a charge authorizing his acquittal of that offense based upon necessity. *McFarland v. State*, 784 S.W.2d 52, 54 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Goodin v. State*, 750 S.W.2d 857, 862 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Leach v. State*, 726 S.W.2d 598, 600 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Application of that rule to the instant case requires that we overrule Shafer's point of error.

█ It was Shafer's own voluntary conduct (drinking seven or eight alcoholic drinks) that caused her to become intoxicated during the drive. Consequently, as a matter of law, she is not entitled to a charge authorizing her acquittal of the offense of driving while intoxicated on ground.. that her operation of the motor vehicle was "necessary." Were trial courts required to authorize acquittal for defendants who voluntarily place themselves in a position in which they must break the law, motorists such as Shafer would be free to drink large quantities of alcohol shortly before getting behind the wheel and then, without legal consequence, drive whatever "necessary" distance would be required to stop their vehicles only *after* the alcohol impaired their abilities. It is common knowledge that there is a lag time between the ingestion of alcohol and its entry into the bloodstream. Thus, under ordinary standards of reasonableness, a person who voluntarily consumes a large quantity of alcohol before operating a motor vehicle should know that it is only a question of *when*, not *if*, the alcohol will impair his or her motor skills. Ameliorative action such as that attempted by Shafer may certainly be considered in mitigation of punishment; however, it is no defense to criminal prosecution.

Having held that Shafer was not entitled to a charge authorizing acquittal on the basis of necessity, we overrule point of error one and affirm the conviction.