COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 BEVERLY ANN NICHOLS,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00327-CR
  
 Appeal from the
  
 County Court
 at Law No. Two
  
 of Midland
 County, Texas
  
 (TC#
 CR89634)
 
 




 

 

O P I N I O N

 

This is an appeal from a jury
conviction for the offense of criminal mischief causing a pecuniary loss of at
least $500 but less than $1500.  The
court assessed punishment at eighteen (18) months= community supervision and a fine of
$500.  We affirm the judgment of the
trial court. 

I.  SUMMARY OF THE EVIDENCE








At trial, twenty-year-old William Perry,
the victim, testified that on September 10, 2000, he was visiting some friends
in Midland, Texas.   He learned through
one of his friends that Appellant=s daughter was in town after having
run away from home.  He called her on the
telephone and asked if he could visit her. 
He went to her home at about 4 p.m. 
She told him to park across the street from her house.  She was walking and playing with her
dog.  They talked for over an hour and
then Perry asked her if she wanted to go get a soda at a store down the
street.  She told him to park his truck
on her property by an old shed.  They sat
and talked in the truck for about thirty minutes.  

Perry testified that a truck rapidly
pulled up behind them and stopped close to his bumper.  He asked Appellant=s daughter who was in the truck and
she stated that it was her mother.  He
had never met her mother. The daughter advised Perry to exit the truck and
introduce himself to Appellant.  Both
Perry and the daughter exited the truck. 
Perry stopped at the back tire of his truck and waited for Appellant to
get off her cell phone.  Appellant=s daughter was standing in front of
Perry.  When Appellant got off the phone,
she pulled a metal bar out of the back of her truck and she started running
after Perry.  The daughter jumped in the
way and Perry testified that she thought Appellant hit her on the wrist with
the bar.  Perry ran around his truck and
went into an alley.  Appellant then took
her metal bar and began breaking out the windows on his truck.  Perry walked off with the intention of
calling the police.  

Perry stated that he made no
threatening gestures toward Appellant. 
She ran at him with the bar in her hand before he was able to introduce
himself.  He went to the Town & Country
store and called the police.  He went
with the police back to Appellant=s property.  Perry testified that Appellant broke out his
rear window, the windshield and the headlights and taillights of his
truck.  








Matt Vann, a patrolman with the
Midland County Sheriff=s Department, testified that on September 10, 2000, at
approximately 7 p.m., he responded to a criminal mischief call at the Town
& Country store.  After meeting with
Perry, he went with him to Appellant=s property.  Vann spoke with Appellant who related that she
did not want her daughter to be with the complainant.  She stated that when he approached her, she
told him it was either him or the truck and told him to leave.  As he left, she Atore up the truck with the tire tool.@ 
Vann testified that the windshield, side glass and back glass of Perry=s truck were broken out.  In addition, the headlights, taillights, and
side marker lights were also broken.  

Vann also testified regarding States=s Exhibits Nos. Four through Twelve,
photographs that depicted the damage done to Perry=s truck.  Appellant objected to the photographs on the
basis that she had not had access to the photos and they were not in the State=s file.  Therefore, she was surprised.  The record does not show that a motion for
continuance was filed or other- wise requested. 
The court overruled the objection and the photographs were admitted into
evidence.  








Appellant testified in her own
defense.  She stated that she was
returning home from visiting her mother in the hospital.  She went a back route to check on her storage
shed because it had been broken into in the past.  She saw a small black pickup truck parked
next to the shed.  She drove her truck up
next to the pickup in order to apprehend the intruder.  She saw a young man and her fifteen year old
daughter in the truck.  They both exited
the vehicle.  Appellant began cursing at
Perry and her daughter started yelling. 
She told Perry to leave the property. 
Appellant testified that Perry approached with his hands up and she
thought he was going to grab her.  She
grabbed a tire iron and started toward Perry. 
He was at the front of the pickup. 
As she approached Perry she busted out a taillight.  As she chased Perry around the vehicle, she
broke out other items on the vehicle. 
Perry ran off.  Appellant
testified that she was defending her person, her daughter, and her property
when she broke the glass on the pickup. 
She stated that she damaged Perry=s vehicle in an attempt to run him off
the property in that she believed it was possible that he was attempting to
commit sexual improprieties with her fifteen-year-old daughter.

II.  DISCUSSION








In Issue No. One, Appellant asserts
that the court erred by failing to submit an instruction on the defense of
necessity in the charge to the jury. 
Generally, a defendant is entitled to a jury instruction on every
defensive issue raised by the evidence as long as such an instruction is
properly requested.[1]  Granger v. State, 3 S.W.3d 36, 38
(Tex. Crim. App. 1999); Reese v. State, 877
S.W.2d 328, 333 (Tex. Crim. App. 1994); McGann v. State, 30 S.W.3d 540, 547 (Tex.
App.‑‑Fort Worth 2000, pet. ref'd); Miller
v. State, 940 S.W.2d 810, 812 (Tex. App.‑‑Fort Worth 1997, pet.
ref'd).  If a
defendant produces evidence raising each element of a requested defensive
instruction, she is entitled to the instruction regardless of the source and
strength of the evidence.  Hamel v.
State, 916 S.W.2d 491, 493 (Tex. Crim. App.
1996).  A defendant's testimony alone is
sufficient to raise a defensive issue requiring an instruction in the jury
charge.  Hayes v. State, 728
S.W.2d 804, 807 (Tex. Crim. App. 1987); Warren v.
State, 565 S.W.2d 931, 933‑34 (Tex.Crim.App.1978).  The credibility of the evidence presented
regarding the defense is immaterial in determining whether the instruction is
required.  Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App.), cert. denied,
510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); Miller,
815 S.W.2d at 585; Shafer v. State, 919 S.W.2d 885, 887 n. 1 (Tex. App.‑‑Fort
Worth 1996, pet. ref'd).  We review the evidence offered in support of
a defensive issue in the light most favorable to the defense.  Shafer, 919 S.W.2d at 887 n. 1.








Section 9.22, subsection (1) of the
penal code sets forth the two‑prong test a defendant must satisfy in
order to be entitled to a jury instruction on the defense of necessity.  First off, a defendant is required to present
evidence that she reasonably believed a specific harm was imminent.  See Tex.
Penal Code Ann. ' 9.22(1) (Vernon 1994);[2]
Johnson v. State, 650 S.W.2d 414, 416 (Tex. Crim.
App. 1983).  "Imminent" means
something that is impending, not pending; 
something that is on the point of happening, not about to happen.  Jackson v. State, 50 S.W.3d 579, 594‑95
(Tex. App.‑‑Fort Worth 2001, pet. ref=d); Smith v. State, 874 S.W.2d
269, 272‑73 (Tex. App.‑‑Houston [14th Dist.] 1994, pet. ref'd).  Harm is
imminent when there is an emergency situation and it is "immediately
necessary" to avoid that harm.  Jackson,
50 S.W.3d at 594‑95; Smith, 874 S.W.2d at 273.  In other words, a split‑second decision
is required without time to consider the law. 
Jackson, 50 S.W.3d at 594‑95; Smith, 874 S.W.2d at
273.  The mere possibility of harm will
not support a jury instruction on necessity. 
Boushey v. State, 804 S.W.2d
148, 151 (Tex. App.‑‑Corpus Christi 1990, pet. ref'd).  Further, a generalized fear of harm does not
constitute a reasonable belief that conduct is "immediately necessary to
avoid imminent harm."  Braselton
v. State, 947 S.W.2d 644, 648 (Tex. App.--Fort Worth 1997, no pet.); Chunn v. State, 821 S.W.2d 718, 719-20 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref=d), cert. denied, 506 U.S.
870, 113 S.Ct. 203, 121 L.Ed.2d 144 1992.

Second, in that light, a defendant
must present evidence that she reasonably believed the criminal conduct was
immediately necessary to avoid the imminent harm.  See Tex.
Penal Code Ann. ' 9.22(1) (Vernon 1994). 
"Reasonable belief" means a belief that would be held by an
ordinary and prudent man in the same circumstances as the actor.  Tex.
Penal Code Ann. ' 1.07(a)(42) (Vernon 1994). 
In most cases, whether a defendant was prompted to act by a reasonable
belief is a question for the trier of fact.  See Sanders v. State, 707 S.W.2d 78,
79‑80 (Tex. Crim. App. 1986); Brazelton, 947 S.W.2d at 648-49.  An accused=s belief that conduct was immediately
necessary to avoid imminent harm may be deemed unreasonable as a matter of law,
however, if undisputed facts demonstrate a complete absence of evidence of
immediate necessity or imminent harm.  Brazelton, 947 S.W.2d at 648-49. 








In the present case, the record does
not reveal the imminent harm that would have warranted an instruction on the
defense of necessity.  While Appellant=s testimony indicates she may have
been justified in defending against an assault, we do not perceive that any
imminent harm would justify the damage to the vehicle.  There was no evidence that Appellant=s daughter was in any immediate
danger of a sexual assault or other harm and there was no evidence that a
burglary of the shed was imminent. 
Further, if we take Appellant=s testimony that she thought Perry
was going to assault her and he was not in retreat when she damaged the
vehicle, we find that it was not a reasonable belief that the criminal conduct
was immediately necessary to avoid the imminent harm.  Accordingly, we find that the court did not
err in failing to include the requested instruction in the charge to the
jury.  Issue No. One is overruled.

In Issue No. Two, Appellant contends
that the court erred in admitting the photographs of the pickup truck.  Appellant asserts that, as the District
Attorney=s Office has an open file policy, and
she did not see the photographs in the file, she did not file a discovery
motion.  Appellant also maintains that
she was not afforded an opportunity to request a continuance of the trial.  None of this is in the record before us.  In order to preserve this complaint that the late production of
the photographs resulted in unfair surprise, Appellant was required to request
that the court continue the trial so that she could prepare to meet the newly‑disclosed
evidence.  See Barnes v. State,
876 S.W.2d 316, 328 (Tex. Crim. App. 1994); Gonzales
v. State, 4 S.W.3d 406, 416 n.6 (Tex. App.‑‑Waco 1999, no
pet.).  Appellant failed to do so.  Also, a photo is admissible if a verbal
description of what is depicted in the photo is also admissible.  Brown v. State, 696 S.W.2d 913, 914
(Tex. Crim. App. 1985).  Here, verbal descriptions of the damage to
the vehicle were testified to without objection.  We find that Appellant has failed to
demonstrate error.  Issue No. Two is
overruled.  








In Issue No. Three, Appellant
contends that it was error for the State to refuse to take a complaint against
the complainant, Perry.  There is nothing
in the record to indicate anything about these circumstances.  Assuming this complaint is relevant to this
appeal, the record does not support the contention.  Issue No. Three is overruled.  

Having overruled each of Appellant=s points of error, we affirm the
judgment of the trial court.

July
11, 2002

 

 

RICHARD BARAJAS, Chief Justice

 

Before
Panel No. 2

Barajas,
C.J., McClure, and Chew, JJ.

 

(Do
Not Publish)











[1]  The State
maintains that Appellant failed to preserve error in that she did not submit a
written proposed charge in writing or she did not dictate the proposed charge
into the record.  However, at the charge
conference, Appellant requested a charge on various self-defense issues.  During the course of this request Appellant
specifically referred to Section 9.22 of the penal code and quoted from that
section.  The court denied the
request.    We find that Appellant
sufficiently raised the defense of necessity. 
See Arnwine v. State, 20 S.W.3d 155,
157-58 (Tex. App.--Texarkana 2000, no pet.). 






[2]  Section 9.22
provides that conduct is justified if:

 

(1) the actor reasonably believes the conduct is
immediately necessary to avoid imminent harm; 

 

(2) the desirability and urgency of avoiding the harm
clearly outweigh, according to ordinary standards of reasonableness, the harm
sought to be prevented by the law proscribing the conduct; and

 

(3) a
legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.  Tex. Penal Code Ann. ' 9.22 (Vernon 1994).