NUMBER 13-10-00164-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



REX A. JOHNSON,                                                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the County Court at
Law No. 2

of Jefferson County, Texas.

 

 



 MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Benavides

Memorandum Opinion by Chief Justice
Valdez

 

            Appellant, Rex A. Johnson, was charged
by information with assault, a class A misdemeanor.  See Tex. Penal Code Ann. § 22.01(a)-(b)
(West Supp. 2010).  A jury convicted appellant of the charged offense and
sentenced him to thirty days’ confinement, which was probated for one year,
with a $250 fine.  By five issues, which we reclassify as two, appellant argues
that:  (1) the evidence is legally and factually insufficient to support his
conviction; and (2) the trial court committed reversible error by failing to properly
charge the jury on self-defense, defense of property, and defense of
third-person property.  We affirm.

I.             
Background[1]

A.   The State’s
Evidence

The State called two
witnesses in its case-in-chief—John Louis Stockwell II, the complainant, and
Melanie Dawn Epperly, a police officer with the Beaumont Police Department. 
Stockwell testified that he works for Safety Adjustors, a repossession agent
for several credit unions and “major finance companies.”  On April 8, 2008,
Stockwell was instructed to repossess a 2003 Chevrolet Impala from Rex Johnson
Jr. because Rex Jr. had filed for bankruptcy and the automatic stay apparently had
been lifted.  Rex Jr. lived in a property next door to appellant, a property
also owned by appellant.  Stockwell pulled into the driveway of appellant’s
property and saw the Chevrolet Impala parked in appellant’s backyard. 
Stockwell testified that he exited the tow truck he was driving and proceeded
toward the vehicle.  

Shortly after arriving at
the property, Stockwell encountered Jason Johnson, appellant’s brother, who was
building a storage shed in appellant’s backyard.  Jason did not know anything
about the vehicle and went inside the house to get appellant.  Stockwell
recalled that appellant came outside “and immediately [appellant] starts
hollering and screaming and cursing and telling me to get off his property.” 
Stockwell did not believe that he was going to be successful in repossessing
the vehicle at this time, so he turned around and began walking back to his tow
truck.

As he was walking toward
his tow truck, Stockwell received a call on his cell phone.  Stockwell answered
the call, but before he could say anything, appellant allegedly hit Stockwell
in the back of his head, which caused Stockwell to drop his cell phone. 
Stockwell testified that he was also hit in the face, which caused his nose to bleed. 
Stockwell recounted that Jason was also participating in the fight at this
time.  Stockwell admitted to fighting back to defend himself, but he denied
being the initial aggressor.  Eventually, Stockwell was able to make it back to
his tow truck.  As he tried to get into the truck, either appellant or Jason
grabbed Stockwell’s arm and tried to pull him out of the truck.[2]  Stockwell
located a bottle of pepper spray in a storage compartment in the door of the
tow truck and sprayed both appellant and Jason.  After spraying the two,
Stockwell got into the tow truck and left the scene.

Because his cell phone
was “somewhere in [appellant’s] yard,” Stockwell went back to his employer’s
office to call the police.  Later, Stockwell provided police with statements
about the incident at the police station.  Police took pictures of Stockwell
and his clothing for documentation purposes.  These pictures were admitted into
evidence and showed the clothing that Stockwell was wearing on the day of the
incident.  His shirt was torn and had blood on it, and his shorts also had
blood on them.  Police also photographed Stockwell’s face to document injuries
Stockwell sustained to his forehead and nose.[3]


Later, Stockwell returned
to appellant’s property with the police to retrieve Stockwell’s cell phone. 
When they arrived, appellant started “hollering and screaming” profanities at
Stockwell, so Stockwell stayed in the street while the police officer spoke to
appellant about the cell phone.  Stockwell’s cell phone was never recovered. 
Ultimately, Stockwell decided to press charges against appellant for the
alleged assault.    

Officer Epperly testified
that she and another police officer responded to a call regarding an alleged
assault at appellant’s property.  Police took statements from both Stockwell
and appellant but made no arrests at that time.  Officer Epperly noted that when
appellant was questioned about Stockwell’s allegations, appellant stated that
he had been assaulted.  Officer Epperly recalled seeing injuries on Stockwell. 
In particular, she saw “a pretty good size[d] lump on his [Stockwell’s]
forehead, some injuries on his face, some minor scratches.”  Officer Epperly
testified that appellant told her that he had been sprayed and that appellant
complained about neck and back pain.  However, “[appellant] refused EMS on the
scene” and stated that he would seek medical treatment at a later date.  On
cross-examination, Officer Epperly admitted that no arrests were made because
there were no witnesses to the incident and that no one corroborated
Stockwell’s allegations.

B.   Appellant’s
Evidence

After the State rested but
before he presented his case-in-chief, appellant moved for a directed verdict,
which was denied.  Appellant and Jason then testified on appellant’s behalf. 
Appellant denied ever striking Stockwell and, instead, asserted that Stockwell
had assaulted him.  Appellant recalled that Stockwell trespassed on his
property and that he told Stockwell, in a civil manner, to leave.  Appellant
alleged that he repeatedly asked Stockwell for “court papers” as proof that the
vehicle was subject to repossession, yet Stockwell never showed any
documentation to appellant.  Appellant then testified that the incident did not
get heated until Stockwell hit appellant by opening the door to the tow truck. 
Appellant remembered Stockwell spraying pepper spray in his eyes.  Appellant
continued to fight, though he could not open his eyes.  Appellant noted that
Stockwell was on top of him when Jason entered into the fray.  Jason stated
that Stockwell’s shirt was torn when he tried to pull Stockwell off of
appellant.[4] 
After Jason allegedly separated Stockwell and appellant, Stockwell got into the
tow truck and left.  Appellant stated that he received several bruises as a
result of the fight and admitted that he had gotten his “butt kicked.” 
Appellant then tried to file charges against Stockwell.  However, after
reviewing the evidence, the Beaumont Police Department did not elect to press
charges against Stockwell, an event that appellant described as unjust.   

The jury subsequently
convicted appellant of class A misdemeanor assault.  See id.  Appellant
was sentenced to thirty days’ confinement in a Jefferson County jail with a
$250.00 fine.  The trial court probated appellant’s incarceration for a period
of one year.  Appellant later filed a motion for new trial, which was overruled
by operation of law.  See Tex. R.
App. P. 21.8(c).  This appeal followed. 

I.             
Evidentiary
Sufficiency

By his first issue, Johnson
contends that the evidence supporting his conviction is legally and factually
insufficient.  Specifically, Johnson argues that the evidence established that
he acted in self-defense.  We disagree.

A.   Standard of
Review

The Texas Court of
Criminal Appeals has held that there is “no meaningful distinction between the Jackson
v. Virginia legal sufficiency standard and the Clewis
factual-sufficiency standard” and that the Jackson standard “is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v. State,
323 S.W.3d 893, 902-03, 912 (Tex. Crim. App. 2010) (plurality op.). 
Accordingly, we review claims of evidentiary sufficiency under “a rigorous and
proper application of the Jackson standard of review.”  Id. at
906-07, 912.

Under the Jackson
standard, “the relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); see Brooks, 323 S.W.3d at
898-99 (characterizing the Jackson standard as:  “Considering all of the
evidence in the light most favorable to the verdict, was a jury rationally justified
in finding guilt beyond a reasonable doubt.”).  Under the Jackson
standard, the reviewing court gives full deference to the jury’s responsibility
“‘to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inference from basic facts to ultimate facts.’”  Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting Jackson, 443 U.S. at
318-19).

We measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  “‘Such a charge [is] one that accurately sets out
the law, is authorized by the indictment, does not unnecessarily increase the
State’s burden of proof, or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the
defendant was tried.’”  Villarreal v. State, 286 S.W.3d 321, 327 (Tex.
Crim. App. 2009) (quoting Malik, 953 S.W.2d at 240).  In order to prove
that appellant committed the offense of assault under section 22.01 of the
penal code, the State was required to prove that (1) appellant intentionally,
knowingly, or recklessly (2) caused bodily injury to another.  Tex. Penal Code Ann. § 22.01(a)(1).

B.   Discussion

At the outset of our
analysis of this issue, we note that the Brooks court held that the
legal sufficiency and factual sufficiency standards of review are
“indistinguishable”; thus, we need not conduct a separate factual sufficiency
analysis of the evidence supporting appellant’s conviction.  See 323
S.W.3d at 902.  In rigorously applying the Jackson standard of review to
this case, we look at all of the evidence in the record in the light most
favorable to the prosecution.  See 443 U.S. at 319; see also Brooks,
323 S.W.3d at 898-99.  Here, the facts pertaining to the incident were hotly
contested.  Stockwell testified that he pulled into appellant’s driveway to
repossess a 2003 Chevrolet Impala.  According to Stockwell, appellant exited
his home shortly after Stockwell arrived and began yelling, screaming, and
cursing at him.  Stockwell noted that because of appellant’s belligerence, he decided
to not repossess the vehicle at that time and turned back to his tow truck to
leave the property.  While he was walking back to his tow truck, Stockwell’s
cell phone rang, and as he picked it up, Stockwell recalled being punched by
appellant.  Stockwell and appellant then began to tussle, and as a result of
the fight, Stockwell suffered injuries to his forehead and his nose.  In
addition, his clothing was ripped and was bloodied from the fight.  Stockwell
ended the fight by spraying appellant with pepper spray.  Stockwell left the
premises shortly thereafter.

On the other hand,
appellant testified that Stockwell trespassed on his property and that he spoke
with Stockwell in a civil manner.  Appellant stated that he requested that
Stockwell produce “court papers” to prove that the repossession was valid, but
Stockwell allegedly refused to comply.  Appellant noted that he followed
Stockwell back to his tow truck but that appellant was acting calmly. 
According to appellant and Jason, once appellant and Stockwell approached the tow
truck, Stockwell slammed the tow truck door into appellant.  Then, Stockwell
sprayed appellant in the eyes with pepper spray.  Appellant testified that he
defended himself but that he could not see everything that was going on because
of the pepper spray in his eyes.  Appellant admitted that he had gotten his
“butt kicked” and that he had suffered bruising as a result of the fight. 
Appellant told Officer Epperly that Stockwell had assaulted him, and appellant
attempted to press charges against Stockwell when he learned that he was being
investigated for assaulting Stockwell.  No charges were filed against
Stockwell.

Obviously, the jury was
faced with conflicting testimony about what occurred during the altercation.  See
Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979) (stating that the jury is the exclusive judge of the facts
proved and of the weight given to the testimony); see also Lancon v. State,
253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (noting that “[t]he jury is in the
best position to judge the credibility of a witness because it is present to
hear the testimony, as opposed to an appellate court who relies on the cold
record” and that the jury may choose to believe or disbelieve all or any part
of a witness’s testimony).  Essentially, the jury was charged with determining
whether Stockwell or appellant was the initial aggressor in this case.  The
charge included language on the law of self-defense, and the jury was
instructed to acquit appellant if they believed from the evidence adduced
during trial showed that Stockwell was the initial aggressor and that appellant
was justified in using reasonable force.  On appeal, appellant contends that
the evidence proves that Stockwell was the initial aggressor, and thus, the
jury should have acquitted appellant based upon the law of self-defense.

“[A] person is justified
in using force against another when and to the degree [he] reasonably believes
the force is immediately necessary to protect [himself] against the other’s use
or attempted use of unlawful force.”  Tex.
Penal Code Ann. § 9.31(a) (West Supp. 2010).  Section 9.31(a)(1)(A)
provides that:

The
actor’s belief that the force was immediately necessary . . . is presumed to be
reasonable if the actor:  

 

(1)  knew or has
reason to believe that the person against whom the force was used:

 

(A) unlawfully and
with force entered, or was attempting to enter unlawfully and with force, the
actor’s occupied habitation, vehicle, or place of business or employment . . .
.

 

Id. § 9.31(a)(1)(A).  However, section 9.31
states that the use of force against another is unjustified if, among other
things, “the actor abandons the encounter, or clearly communicates to the other
his intent to do so reasonably believing he cannot safely abandon the encounter
. . . .”  Id. § 9.31(b)(4)(A).  

The issue of self-defense
is an issue of fact to be determined by the jury.  See Saxton v. State,
804 S.W.2d 910, 913-14 (Tex. Crim. App. 1991).  Moreover, the State has the
burden of persuasion in disproving the evidence of self-defense, rather than
the burden of production, which requires that the State affirmatively produce
evidence refuting the self-defense claim.  See id. at 913.  In other
words, the State, in this case, was merely required to prove its case for
assault beyond a reasonable doubt.  See id. 

In convicting appellant of
assault, the jury clearly believed Stockwell’s testimony that appellant was the
initial aggressor.  Because the jury’s verdict was premised on the resolution
of conflicting testimony, we must defer to its conclusion.  See Jackson,
443 U.S. at 326; see also Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007) (“When the record supports conflicting inferences, we presume
that the fact[-]finder resolved the conflicts in favor of the prosecution and
therefore defer to that determination.”).  Viewing the evidence in the light
most favorable to the prosecution, we conclude that the jury was rational in
rejecting appellant’s self-defense contention and convicting him for the
assault of Stockwell.  See Tex.
Penal Code Ann. §§ 9.31, 22.01; see also Jackson, 443 U.S. at
319; Brooks, 323 S.W.3d at 898-99.  As such, we find that the evidence
is sufficient to sustain appellant’s conviction.  See Tex. Penal Code Ann. § 22.01; see
also Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 898-99.  Accordingly,
we overrule appellant’s first issue. 

II.           
The Jury Charge

By his second issue, appellant
asserts that the trial court committed reversible error by failing to charge
the jury on defense of property, defense of third-person property, and the
applicable presumptions of self-defense.  The State counters by arguing that
the jury was properly instructed on self-defense and any error associated with
the instruction was not preserved for appeal.  The State further contends that
appellant’s arguments pertaining to defense of property and defense of
third-person property must fail because no evidence was adduced at trial to
support the inclusion of jury instruction on those matters.

A.   Applicable Law

A charge on a defensive issue is
required if the defendant presents affirmative evidence that would constitute a
defense to the crime charged and the defendant properly requests a jury charge. 
See Tex. Code Crim. Proc. Ann.
art. 36.14 (West 2007) (providing that a defendant must distinctly specify each
ground of objection to the charge); Chapman v. State, 921 S.W.2d 694,
695 (Tex. Crim. App. 1996) (holding that a defendant preserves error if a
request is specific enough to put the trial court on notice of an omission or
error in the charge; the requested charge need not be “in perfect form,” but
only sufficient enough to call error to the trial court’s attention); Brazelton
v. State, 947 S.W.2d 644, 646 (Tex. App.–Fort Worth 1997, no pet.); see
also Lowe v. State, No. 09-07-548-CR, 2008 Tex. App. LEXIS 3666, at *2
(Tex. App.–Beaumont May 21, 2008, pet. ref’d) (mem. op., not designated for
publication).  A defendant who produces evidence raising each element of a
requested defensive instruction is entitled to the instruction regardless of
the source and the strength of evidence.  See Brazelton, 947 S.W.2d at
646; see also Lowe, 2008 Tex. App. LEXIS 3666, at *2.  In determining
whether evidence raises a defense, the credibility of the evidence is not at
issue.  Brazelton, 947 S.W.2d at 646 (citing Muniz v. State, 851
S.W.2d 238, 254 (Tex. Crim. App. 1993); Miller v. State, 815 S.W.2d 582,
585 (Tex. Crim. App. 1991); Warren v. State, 565 S.W.2d 931, 933-34
(Tex. Crim. App. 1978); Shafer v. State, 919 S.W.2d 885, 887 n.1 (Tex.
App.–Fort Worth 1996, pet. ref’d)).  Unlike legal challenges to the sufficiency
of the evidence, we review the evidence offered in support of a defensive issue
in the light most favorable to the defense.  Id. (citing Shafer,
919 S.W.2d at 887 n.1).

B.   Discussion

Here, the jury received an
instruction regarding self-defense in the charge.  Specifically, the trial
court noted:

Upon the law of self-defense, you are instructed that a
person is justifiable [sic] in using force against another when and to the
degree they reasonably believe the force is immediately necessary to protect
themselves against the other person’s use or attempted use of unlawful force. 
A person is under no obligation to retreat to avoid the necessity of repelling
or defending against attack or threatened attack.

 

When a person is attacked with unlawful force, or they
reasonably believe they are under attack with unlawful force, and there is
created in the mind of such person a reasonable expectation or fear of some
bodily injury, then the law excuses or justifies such person in resorting to
force by any means at their command to the degree that they reasonably believe
such force is immediately necessary, viewed from their standpoint at the time,
to protect themselves from such attack or attempted attack.

 

It is not necessary that there be an actual attack or
attempted attack, as a person has a right to defend their person from apparent
danger as fully and to the same extent as they would had the danger been real,
provided that they acted upon a reasonable apprehension of danger, as it
appeared to them from their standpoint at the time, and that they reasonably
believed such force was immediately necessary to protect themselves against the
other person’s use or attempted use of unlawful force.

 

In the application
paragraph of the charge, the jury was instructed as follows:

 

Now, if you find and believe from the evidence beyond a
reasonable doubt that on the occasion in question the Defendant REX A. JOHNSON,
did then and there unlawfully intentionally, knowingly, and recklessly cause
bodily injury to JOHN STOCKWELL, II, hereafter styled the Complainant, by
striking the Complainant with his hand, but you further find from the evidence,
or you have a reasonable doubt thereof, that viewed from the standpoint of the
Defendant at the time, from the words or conduct, or both, of JOHN STOCKWELL,
II, it reasonably appeared to the Defendant that his person was in danger of
bodily injury and there was created in his mind a reasonable expectation or
fear of bodily injury from the use of unlawful force at the hands of JOHN
STOCKWELL, II, and that acting under such apprehension and reasonably believing
that the use of force on his part was immediately necessary to protect himself
against JOHN STOCKWELL, II use or attempted use of unlawful force, the
Defendant did cause bodily injury to JOHN STOCKWELL, II by striking Complainant
with his hand, then you should acquit the Defendant, or if you have a
reasonable doubt as to whether or not the Defendant was acting in self-defense
on said occasion and under the circumstances, then you should give the
Defendant the benefit of that doubt and say by your verdict “not guilty.”

 

The charge does not include
any instructions as to defense of property or third-person defense of
property.  And appellant admits that his trial counsel did not object to the
charge as it was submitted and that his trial counsel did not request that the
charge include instructions on defense of property or third-person defense of
property.  Nevertheless, appellant argues that we should apply the egregious
harm analysis articulated in Almanza v. State to this matter.  See 686
S.W.2d 157, 171 (Tex. Crim. App. 1984).  

However, the court of
criminal appeals has held that a “defensive issue” is not “applicable to the
case” unless the defendant “timely requests the issue or objects to the
omission of the issue in the jury charge.”  Posey v. State, 966 S.W.2d
57, 62 (Tex. Crim. App. 1998).  Because appellant did not request that the
charge include instructions on defense of property and third-person defense of
property and because he did not object to the omission of these issues in the
charge, we conclude that the trial court had no duty to sua sponte instruct the
jury on these issues and that a jury instruction on these issues was not
applicable to the case absent a request by the defense for their inclusion in
the charge.  See Tolbert v. State, 306 S.W.3d 776, 781-82 (Tex. Crim.
App. 2010); Posey, 966 S.W.2d at 62; Brazelton, 947 S.W.2d at 646;
see also Vasquez v. State, 919 S.W.2d 433, 434 (Tex. Crim. App. 1996)
(holding that “[i]n order to preserve error relating to the jury charge[,]
there must be an objection or a requested charge”) (citing Boles v. State,
598 S.W.2d 274, 278 (Tex. Crim. App. 1980)).  Because there was no jury-charge
“error” with respect to the absence of these instructions in the charge, we
conclude that Almanza’s egregious harm analysis does not apply.  See
Tolbert, 306 S.W.3d at 782; Posey, 966 S.W.2d at 61 (stating that Almanza
does not apply unless the appellate court first finds error in the jury charge);
see also Almanza, 686 S.W.2d at 171.

            With regard to the self-defense
instruction included in the charge, appellant argues that the instruction was
incomplete because it failed to “instruct the jury that Defendant had a
‘reasonable belief’ that the use of force was immediately necessary to protect
himself.”  We find this argument to be meritless for several reasons.

            First, as discussed above, appellant’s
trial counsel did not object to the charge as it was submitted.  Second, we do
not believe appellant was harmed because the charge specifically noted the
following with regard to the applicable presumption for self-defense:   “Upon
the law of self-defense, you are instructed that a person is justifiable [sic]
in using force against another when and to the degree they reasonably
believe the force is immediately necessary to protect themselves against
the other person’s use or attempted use of unlawful force.”  (Emphasis added.) 
See Tex. Penal Code Ann. §
9.31.  Because the charge properly instructed the jury as to the “reasonable
belief” presumption for self-defense as outlined in section 9.31 of the penal
code, we reject this contention.  See Casey v. State, 215 S.W.3d 870,
886-87 (Tex. Crim. App. 2007) (noting that the trial court did not err by
including the word “victim” in the jury charge because the charge “set forth
the law applicable to the case by tracking the language of the statute”); Martinez
v. State, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (holding that an
instruction that tracks statutory language “as it is set out by the Texas
Legislature will not be deemed error on the part of a trial judge”); Riddle
v. State, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994) (“A jury charge which
tracks the language of a particular statute is a proper charge on the statutory
issue.”).  Accordingly, we overrule appellant’s second issue.  

III.          
Conclusion

Having overruled all of
appellant’s issues, we affirm the judgment of the trial court.

                                                                                    ___________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not
Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


26th day of May, 2011.

 









[1] This case is
before this Court on transfer from the Ninth Court of Appeals in Beaumont
pursuant to an order issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).





[2] In response to
questioning by the State about whether he ever hit appellant with the door of
his tow truck, Stockwell stated:  “Not to my knowledge.  I was trying to get in
my truck.  If I did, it was not on purpose; but I don’t think it ever happened
that way.  He was holding on to my arm the whole time.”





[3] The pictures
taken by police did not depict any blood on Stockwell’s face.  However,
Stockwell acknowledged that he had taken a shower before he went to the police
station to give his statements about the incident.





[4] Jason described
his involvement in the fight as follows:

 

At the truck.  When
[Stockwell] slammed the truck door in Rex[‘]s knees, I’m still up on the
house.  They—he’s yelling at Rex.  Rex asking [sic] him to leave.  He slammed
his truck door in [sic] into Rex; and all I—I’m up there; and I look and I see
Rex falling.  Then I see the pepper spray being sprayed.  I’m up on the roof. 
I come down the ladder.  He’s on top of Rex.  I pulled him off of Rex.  He jumped
in the truck, and he left.  That’s how his shirt got torn.