Ouida Sue **BRAZELTON**, Appellant,

v.

The **STATE** of Texas, State.

No. 02–95–529–CR.

Court of Appeals of Texas, Fort Worth.

June 5, 1997.

---

1. In this case, Dearing's action was dismissed, but not with prejudice.

H.F. Rick Hagen, Jackson & Hagen, Denton, for Appellant.

Bruce Issacks, Criminal District Attorney, Dawn A. Moore, Vicki Foster, Earl Dobson, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for Appellee.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

### OPINION

LIVINGSTON, Justice.

Appellant Ouida Sue Brazelton was convicted by a jury of the state jail felony offense of possession of marihuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon Supp.1997). The trial judge assessed punishment at two years' confinement and a $500 fine, suspended for five years. Additionally, appellant was ordered to serve sixty days in a state jail facility as a condition of her community supervision.

Appellant appeals complaining that the trial court erred in denying her requested jury instructions on the justification defense of necessity and by excluding relevant character evidence. We sustain appellant's first and second points of error, reverse her conviction, and remand for a new trial.

### I. NECESSITY INSTRUCTION

In points of error one and two, appellant complains that the trial court erred when it denied her requested jury charge on necessity. The State responds that appellant was not entitled to an instruction on the defense of necessity because the issue was not raised by the evidence presented at trial.

### A. Standard of Review

A charge on a defensive issue is required if the accused presents affirmative evidence that would constitute a defense to the crime charged and a jury charge is properly requested. *See Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App.1991); *Warren v. State,* 565 S.W.2d 931, 933–34 (Tex. Crim.App.1978). In determining whether evidence raises a defense, the credibility of the evidence is not at issue. *See Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Miller,* 815 S.W.2d at 585; *Warren,* 565 S.W.2d at 933–34; *Shafer v. State,* 919 S.W.2d 885, 887 n. 1 (Tex.App.—Fort Worth 1996, pet. ref'd). If a defendant produces evidence raising each element of a requested defensive instruction, she is entitled to the instruction regardless of the source and strength of the evidence. *See Hamel v. State,* 916 S.W.2d 491, 493 (Tex. Crim.App.1996) (stating that accused has right to defensive instruction on any defensive issue raised by evidence whether evidence is strong or weak, contradicted or unimpeached, and regardless of what trial court thinks about credibility of defense). Thus, unlike legal challenges to the sufficiency of the evidence, we review the evidence offered in support of a defensive issue in the light most favorable to the defense. *See Shafer,* 919 S.W.2d at 887 n. 1.

### B. Facts

Viewed in the light most favorable to the requested defense of necessity, the evidence presented at trial, including appellant's testimony, demonstrated the following: Appellant and her husband Rick Brazelton separated in August 1994. After finding Rick with another woman and discovering cocaine in her home, appellant filed for divorce on June 14, 1995. Appellant also sought custody of their daughter. Rick told appellant repeatedly that he would do "whatever it took" to get custody of their daughter.

On June 18, 1995, appellant saw Rick at the lake. As Rick was leaving the lake, he received two traffic citations. Rick accused appellant of being responsible for the police

issuing him these citations and was upset w'ch her.

On June 19, 1995, Rick's employer, Nick Nichols, called Officer Daniel Gomez and stated that appellant's car was in his garage for service and contained a large amount of marihuana. Officer Gomez notified the Hickory Creek Police Department about the tip and an officer was sent to watch appellant's home.

Appellant's car, however, was not in Nichols's garage on June 19, 1995. That same day, Nichols called appellant and told her that Rick was really angry with her about the traffic citations and that he felt Rick was "carrying it too far." Nichols then warned appellant that "if you go home, Ouida, you're going to jail." Nichols refused to tell appellant why he felt she would be arrested if she went home.

Appellant then went home and noticed a police car parked across the street from her house. Fearing that Rick had planted something in her home, appellant instructed her children to stay in the game room as she searched the house for anything that could get her in trouble. Appellant found a bag of marihuana in the attic.

Appellant did not want her children to see the marihuana, did not want her children to see the police search her home, and did not want her children to see her arrested because she felt the police would not believe that the marihuana was not hers. Appellant placed the bag of marihuana in a clothes bag, exited the house through a side door, placed the bag in the trunk of her car, and began to drive towards the lake to dispose of the marihuana.

On her way to the lake, appellant was pulled over by Hickory Creek patrol officer Charles Burns for speeding and a broken taillight. Officer Burns offered to fix the broken taillight if appellant would open her trunk. At this point, appellant was crying and acting very nervous. She declined the officer's offer to fix the taillight.

After running appellant's license number for warrants, Burns asked her if he could search her car. Appellant refused to give Burns permission to search her car. Officer Burns then told appellant that he thought she was hiding something and that she needed to tell him what was going on. Appellant then told officer Burns that she had "ten pounds" of marihuana in her trunk, that her husband had planted it in her attic to get her in trouble, and that she was on her way to the lake to dispose of it. The police recovered a bag of marihuana from appellant's trunk weighing approximately one pound. Appellant was arrested and gave the police permission to search her home. No additional drugs or contraband were recovered.

### C. Applicable Law

■ In order to preserve jury charge error, a defendant must present a timely objection to the charge "distinctly specifying each ground of objection." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 1981 & Supp.1997). When requesting a special instruction on a defensive issue, a defendant must present the requested instruction to the court in writing or by dictating the charge to the court reporter in the presence of the trial judge and the State before the charge is read to the jury. *Id.* § 36.15. A defendant preserves error for appellate review if the request is specific enough to put the trial court on notice of an omission or error in the charge. *See Stone v. State*, 703 S.W.2d 652, 655 (Tex. Crim.App.1986); *Bell v. State*, 881 S.W.2d 794, 803–04 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

Necessity is a statutory defense. The Texas Penal Code provides that an actor's conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (Vernon 1994). A defendant has the burden of producing evidence raising each element of a necessity

defense. *See id.* § 2.03(c). Once evidence is presented on each element of necessity and the defendant properly requests a charge, the State has the burden of disproving the defense beyond a reasonable doubt. *See id.* § 2.03(d).

### D. Application of Law to Facts

Appellant submitted two special charges on the defense of necessity to the court in writing. Both charges track the language of the statutory definition of necessity and differ only in form. Either charge is sufficient to preserve error. See *Stone,* 703 S.W.2d at 655; *Bell,* 881 S.W.2d at 803–04; *see also Coon v. State,* 871 S.W.2d 284, 287 (Tex. App.—Fort Worth 1994, pet. ref'd).

Appellant asserted that she was entitled to a charge on necessity because the evidence presented at trial raised the issue as to whether she reasonably believed that possession of marihuana was immediately necessary to avoid: (1) the possible loss of her daughter; and (2) her children from seeing their mother arrested if the police did not believe that the marihuana was not hers. After a brief period of argument, the trial court denied the requested charges.[1]

We will discuss the propriety of the trial court's ruling separately according to the harm appellant alleged she sought to avoid.

#### 1. The possible loss of her daughter.

■ The first prong of the necessity defense requires affirmative evidence of imminent harm. *See Johnson v. State,* 650 S.W.2d 414, 416 (Tex.Crim.App.1983); *Egger v. State,* 817 S.W.2d 183, 186 (Tex.App.—El Paso 1991, pet. ref'd). Evidence of a generalized fear of harm is not sufficient to raise the issue of imminent harm. *See* TEX. PENAL CODE ANN. § 9.22(1) (Vernon 1994); *see also Chunn v. State,* 821 S.W.2d 718, 719–20 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd), *cert. denied,* 506 U.S. 870, 113 S.Ct. 203, 121 L.Ed.2d 144 (1992).

■ While it is certainly possible that appellant could lose custody of her daughter as a result of her arrest, no evidence presented at trial remotely suggested that the loss of custody of her daughter was imminent. *See Cyr v. State,* 887 S.W.2d 203, 207 (Tex.App.—Dallas 1994, no pet.) (holding that testimony indicating that it was entirely possible that unlawful abortions were being conducted at clinic did not establish that unlawful abortions were imminent). In fact, the instruction appellant requested characterized the probability of her losing her children if arrested as a mere "possibility." Accordingly, the trial court did not err in refusing to submit a charge on necessity based on appellant's fear that she might lose custody of her daughter.

#### 2. To avoid her children from seeing their mother arrested if the police did not believe that the marihuana was not hers.

■ Appellant contends that the evidence presented at trial raised the issue as to whether she reasonably believed that possession of marihuana was necessary to prevent her children from seeing their mother arrested if the police did not believe that the marihuana was not hers. The State argues that appellant was not entitled to a necessity charge on this theory because she failed to present evidence that her belief was reasonable, that her conduct was immediately necessary, or that the harm she sought to avoid was imminent.

■ A reasonable belief is one that would be held by an ordinary and prudent person in the same circumstances as the actor. *See* TEX. PENAL CODE ANN. § 1.07(42) (Vernon 1994). In most cases, whether a defendant was prompted to act by a reasonable belief is a question for the trier of fact. *See Sanders v. State,* 707 S.W.2d 78, 79–80 (Tex.Crim.App.1986). A defendant's belief that conduct was immediately necessary to avoid imminent harm may be deemed unreasonable as a matter of law, however, if undisputed facts demonstrate a complete absence of evidence of immediate necessity or immi-

---

1. It appears that the trial judge denied the requested instructions on the belief that "the defense of necessity require[s] that there is no legal means by which you can avoid breaking the law to prevent the harm."

nent harm. *See Graham v. State,* 566 S.W.2d 941, 952 n. 3 (Tex.Crim.App.1978).[2]

The State contends that appellant failed to raise the issue of immediate necessity because she presented no evidence that it was immediately necessary for appellant to attempt to dispose of the marihuana by dumping it in the lake because other reasonable alternatives were available. The State suggests, for example, appellant could have flushed the marihuana down the toilet, buried it in the backyard, or set it on the curb with the trash. The State does not suggest, however, how appellant could have accomplished any of the tasks without possessing the marihuana.[3]

■ Additionally, the State argues that possessing the marihuana was not immediately necessary because appellant had another reasonable alternative, that is, she could have called the police. While the availability of legal alternatives may be relevant to the reasonableness of an actor's conduct, the unavailability of alternative legal courses of conduct is not a requirement of the defense of necessity. *See* TEX. PENAL CODE ANN. § 9.22(3) (Vernon 1994); *see also Spakes v. State,* 913 S.W.2d 597, 598 (Tex.Crim.App. 1996) (necessity instruction required in prosecution for escape even though defendant failed to surrender himself after possibility of harm subsided).

Moreover, the harm appellant alleged she sought to avoid was her arrest in front of her children.[4] Although the State contends that appellant failed to present evidence that she believed this harm was imminent, we find

that appellant raised the issue when she testified that Nichols told her she would be arrested and that she saw a police car parked across the street from her home.

Viewed in the light most favorable to the requested defensive instruction, appellant's testimony is sufficient to raise the issue as to whether her belief that her actions were immediately necessary to avoid imminent harm was reasonable. We cannot say that this belief was unreasonable as a matter of law. This was a question for the jury. *See Sanders,* 707 S.W.2d at 79–80. Accordingly, the trial court erred when it failed to charge the jury on the defense of necessity based on appellant's fear that she would be arrested in front of her children if the police did not believe that the marihuana was not hers.

■ An erroneous or incomplete jury charge, however, does not result in automatic reversal of a conviction. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g). Because appellant preserved error, she is entitled to a reversal if we find the presence of any harm, regardless of degree. *See Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App.1994); *see also Almanza,* 686 S.W.2d at 171. When conducting this harm analysis, we may consider the following four factors: (1) the charge itself; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *See Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App. 1993).

---

**2.** Although the *Graham* court recognized that there may be cases where the determination as to whether a defendant's belief was reasonable may "lie outside the realm of discretion accorded the jury," the court stressed that the limits of statutory defenses incorporating a "reasonable belief" standard are usually left to the jury. *Graham,* 566 S.W.2d at 952 n. 3. We have located only two Texas cases declaring a defendant's belief that conduct was immediately necessary to avoid imminent harm unreasonable as a matter of law. These determinations were not made based on the credibility of the testimony presented at trial, but rather on the absence of evidence of immediate necessity or imminent harm on review of undisputed facts. *See Cyr,* 887 S.W.2d at 205 (belief unreasonable because no evidence of imminent harm); *Wilson v. State,* 777 S.W.2d 823,

825 (Tex.App.—Austin 1989) (belief unreasonable because no evidence of immediate necessity), *aff'd,* 853 S.W.2d 547 (Tex.Crim.App.1993).

**3.** *See* TEX. PENAL CODE ANN. § 1.07(39) (Vernon 1994) (defining possession as "actual care, custody, control, or management"); *see also Whitten v. State,* 828 S.W.2d 817, 819–20 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd) (discussing conviction for possession of marihuana found in plastic bag that defendant threw into trash can and permitting subsequent prosecution for possession of cocaine found in same trash can).

**4.** "Harm" includes harm to a third person in whose welfare a defendant is interested. TEX. PENAL CODE ANN. § 1.07(25) (Vernon 1994).

■ Appellant testified admitting that she possessed the marihuana, as is required by the defense of necessity. *See Hermosillo v. State,* 903 S.W.2d 60, 69 (Tex.App.—Fort Worth 1995, pet. ref'd). The prosecutor stressed this point in closing argument stating, "Ms. Brazelton admits to everything." Absent a necessity charge, the jury had no option but to convict appellant. We hold that appellant suffered some harm from the trial court's failure to charge the jury on necessity.

Points of error one and two are sustained.

## II. EXCLUSION OF CHARACTER EVIDENCE

■ Because we will reverse and remand this case to the trial court for a new trial, we feel compelled to address the merits of appellant's final points of error.[5] In points of error three, four, and five, appellant contends that the trial court erred when it refused to permit her to introduce relevant character evidence. Appellant contends that the trial court's exclusion of testimony to the effect that she was not known to sell or use marihuana violated Texas Rule of Criminal Evidence 404(a)(1), the due process clause of the United States Constitution, and the due course of law provision of the Texas Constitution.[6]

The right to present a defense is a fundamental element of due process. *See Washington v. State,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967); *see also* TEX. CONST. art. I, § 19. Evidence that appellant did not use or sell drugs is a pertinent trait and essential element to her defense that the only reason she possessed the marihuana was because she reasonably believed that possession was immediately necessary to avoid imminent harm. *See Wade v. State,* 803 S.W.2d 806, 808 (Tex.App.—Fort Worth 1991, no pet.) (concluding that trial court erred in excluding evidence of defendant's non-use of drugs to support defense that drugs were planted); TEX. R. CRIM. EVID. 404 & 405. The trial court erred in excluding this evidence.

## III. CONCLUSION

The trial court erred in refusing appellant's requested charges on necessity. Appellant was harmed by this error and is entitled to a new trial. Accordingly, we reverse appellant's conviction and remand this case to the trial court for a new trial in accordance with this opinion.

---

5. A reversal is required based on our finding of error and harm in points of error one and two. Accordingly, we will not conduct a harm analysis on our review of the remaining points of error.

6. Appellant makes no claim that the Texas Constitution affords her any greater protection than the United States Constitution and has combined her discussion of these points.