# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00016-CR

**Silvestre Martinez Calixto, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 0993197, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

A pickup truck driven by Romualdo Calixto forced another truck driven by Enrique Rodriguez to the side of the road. Appellant Silvestre Martinez Calixto, in the truck with his brother Romualdo, then fired at least ten gunshots at Rodriguez. Four bullets struck Rodriguez, killing him. At a joint trial, a jury found both appellant and Romualdo Calixto guilty of murder and assessed punishment at imprisonment for life. *See* Tex. Pen. Code Ann. § 19.02 (West 1994). Appellant's sole point of error is the district court's refusal to instruct the jury on the necessity defense. We will overrule this point and affirm appellant's conviction.[1]

Rodriguez's murder was the outgrowth of a feud between the Calixto and Rodriguez families in Mexico. Members of appellant's family testified that there had been bad blood between the families for many years. They said that a member of the Rodriguez family fatally shot appellant's

---

[1] Romualdo Calixto's murder conviction is affirmed in a separate opinion. *Calixto v. State*, No. 03-01-00163-CR (Tex. App.—Austin Dec. 20, 2001, no pet. h.).

uncle in Mexico in 1988, and that another Rodriguez fatally shot appellant's cousin in Mexico one month before the instant shooting. Appellant's brother Efren Calixto testified that he heard Romualdo and Silvestre say at a family gathering that "they were going to get even for this problem that had been handed to my uncle and cousin in Mexico." Efren said that his brothers had been drinking and he did not take them seriously, but he also testified that he "tried to counsel them, telling them we didn't want any trouble here in the United States."

There was testimony that Enrique Rodriguez had been involved in attacks against appellant's family members in Mexico. Efren Calixto testified that Rodriguez was the man who shot his uncle. Both Efren and another brother, Doroteo Calixto, testified that Rodriguez had driven past appellant's Austin apartment on several occasions, and that appellant had expressed concern for his and his family's safety. Doroteo testified that appellant told him the day before Rodriguez was killed that he was going to shoot Rodriguez before Rodriguez could shoot him.

Appellant and Romualdo were arrested within hours of Rodriguez's murder and gave videotaped statements to the police in Spanish. The videotapes and transcriptions of the statements in both Spanish and English were introduced in evidence. Both brothers described going to Rodriguez's apartment that morning and following him when he left. Appellant admitted shooting Rodriguez, saying that Rodriguez had been looking for him for six months.

Under the defense of necessity, conduct that would otherwise be criminal is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Tex. Pen. Code Ann. § 9.22 (West 1994). A "reasonable belief" is one that would be held by an ordinary and prudent person in the same circumstances as the actor. *Id*. § 1.07(a)(42).

As a general rule, the reasonableness of a defendant's belief is a question of fact. *Sanders v. State*, 707 S.W.2d 78, 79-80 (Tex. Crim. App. 1986). However, an asserted belief that criminal conduct was justified by necessity can be unreasonable as a matter of law if there is no evidence of immediate necessity or imminent harm. *Arnwine v. State*, 20 S.W.3d 155, 159 (Tex. App.—Texarkana 2000, no pet.); *Brazelton v. State*, 947 S.W.2d 644, 648-49 (Tex. App.—Fort Worth 1997, no pet.); *see also Graham v. State*, 566 S.W.2d 941, 952 n.3 (Tex. Crim. App. 1978); *Wilson v. State*, 777 S.W.2d 823, 825 (Tex. App.—Austin 1989), *aff'd*, 853 S.W.2d 547 (Tex. Crim. App. 1993).[2]

There was testimony that, based on their families' history of violence, appellant believed Rodriguez represented a threat to him and his family. But appellant does not point to any evidence indicating that Rodriguez was threatening appellant, or anyone else, with imminent harm on the morning of the shooting. To the contrary, the evidence shows that appellant and his brother

---

[2] The State argues that appellant could not assert the necessity defense because he denied shooting Rodriguez, citing appellant's statement to the police. *See Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999). While it is true that appellant initially denied any involvement in the shooting, he later admitted firing the fatal shots.

3

waited for Rodriguez outside his residence, followed him, and then ambushed him. Appellant could not reasonably believe that it was immediately necessary to kill Rodriguez in the absence of any evidence that Rodriguez was threatening imminent harm to appellant. The district court properly refused the requested necessity instruction.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 20, 2001

Do Not Publish