Opinion filed March 16, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00003-CR 

                                                    __________

 

                                      REUBEN FUENTES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                Trial
Court Cause No. CR 11990

 



 

                                                                   O
P I N I O N

 

The jury convicted Reuben Fuentes of assault and
assessed punishment at ten years confinement.[1]  We affirm.








The victim testified that in May 2004 she was
married to appellant.  On the day of the
assault, the victim and appellant went to a family gathering at appellant=s sister=s
house.  Appellant and the victim were
asked to leave the gathering because appellant had been drinking.  The victim testified that as they left she
was driving her pickup because appellant was intoxicated.  Appellant hit the victim in the head as she
was driving and threw her glasses out of the window.  The victim stopped the pickup and got out to
retrieve her glasses.   Appellant moved
to the driver=s seat of
the pickup and drove away.  The victim
testified that she started walking back to appellant=s
sister=s house
when appellant drove toward her.   The
victim hid behind a road sign, and appellant drove through the sign.  

The victim testified that she convinced appellant
to let her drive and that she attempted to go back to his sister=s house.  The victim stopped the pickup in the driveway
of a neighbor of appellant=s
sister and honked the horn.  Appellant
hit the victim in the head with his fists causing extensive bruising and
bleeding.  He also loosened the victim=s teeth when he hit her.  The neighbor testified that she called 9-1-1
upon hearing the victim scream for help and honk the horn on her pickup.  The victim testified that some men came and
pulled appellant out of the pickup and that she left the scene and drove to her
house.  Tommy Williford, with the Dublin
Police Department, testified that he investigated the offense and that his
investigation supported the  victim=s version of the events.

Appellant testified at trial that, as he and the
victim left the family gathering, he realized the victim was intoxicated.  Appellant stated that the victim could not Akeep her eyes on the road.@ 
Appellant asked the victim to return to his sister=s house because the victim was too
intoxicated to drive.  After they pulled
into the carport, appellant attempted to get out of the pickup, and the victim
started to drive away.  Appellant got
back into the pickup, and they drove Aabout
a block@ down the
street.  Appellant testified that he
attempted to take the keys from the victim to prevent her from driving while
intoxicated and injuring herself or someone else.   Appellant said that he slapped the victim Aa couple of times@ and that the two wrestled for the
keys.  








In his sole point of error, appellant argues that
the trial court erred in refusing his requested instruction on the defense of
necessity.  An accused has the right to
an instruction on any defensive issue raised by the evidence, whether that
evidence is weak or strong, unimpeached or contradicted, and regardless of what
the trial court may or may not think about the credibility of the evidence.
Granger v. State,  3 S.W.3d 36, 38
(Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim.
App. 1996).  If the evidence, viewed in a
favorable light, does not establish the defensive issue, an instruction is not
required.   Dyson v. State, 672
S.W.2d 460, 463 (Tex. Crim. App. 1984). 

Tex. Pen.
Code Ann. ' 9.22 (Vernon
2003) defines the defense of necessity and provides that conduct is justified
if:

(1) the actor reasonably believes the conduct is
immediately necessary to avoid imminent harm;

 

(2) the desirability and urgency of avoiding the
harm clearly outweigh, according to ordinary standards of reasonableness, the
harm sought to be prevented by the law proscribing the conduct;  and

 

(3) a legislative purpose to exclude the
justification claimed for the conduct does not otherwise plainly appear. 

 

A Areasonable
belief@ is one
that would be held by an ordinary and prudent person in the same circumstances
as the actor.  Tex. Pen. Code Ann. '
1.07(42) (Vernon Supp. 2005); Johnson v. State, 650 S.W.2d 414 (Tex.
Crim. App. 1983); Brazelton v. State, 947 S.W.2d 644, 648 (Tex. App.CFort Worth 1997, no pet.).  A defendant=s
belief that conduct was immediately necessary to avoid imminent harm may be
deemed unreasonable as a matter of law if undisputed facts demonstrate a
complete absence of immediate necessity or imminent harm.  Arnwine v. State, 20 S.W.3d 155, 159
(Tex. App.CTexarkana
2000, no pet.); Brazelton, 947 S.W.2d at 648‑49.

Appellant testified that he slapped the victim to
prevent her from driving while intoxicated. Appellant stated that, when he
attempted to take the keys from the victim, the victim put the keys Aunderneath her shirt and from her - -
from her shirt it went down to her pants.@  Appellant said that he and the victim
wrestled for the keys for twenty minutes. 
At the time appellant assaulted the victim, the vehicle was not moving
and the keys were not in the ignition. 
Appellant=s
testimony did not show  that he
reasonably believed he must immediately assault the victim to prevent imminent
harm.  The trial court did not err in
refusing appellant=s
requested instruction on necessity. 
Appellant=s sole
point of error is overruled.

The judgment of the trial court is affirmed.

 

March 16, 2006                                                                       JIM
R. WRIGHT

Do not
publish.  See Tex. R. App. P. 47.2(b).                         CHIEF
JUSTICE

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]An offense under Tex.
Pen. Code Ann. ' 22.01(a)(1) (Vernon Supp. 2005) is a Class A
misdemeanor.  However, the law in effect
at the time of this offense stated that, if the offense is committed Aagainst a member of the defendant=s family or household, if it is shown on the trial of
the offense that the defendant has been previously convicted of an offense
against a member of the defendant=s family
or household under this section,@ the offense is a third degree felony.  Former Tex.
Pen. Code ' 22.01(b)(2) (2003).