

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00024-CR

JOE DOUGLAS MERCER                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Joe Douglas Mercer of felony driving while intoxicated (DWI) upon his plea of not guilty and his stipulation to two prior DWI convictions. The trial court sentenced him to seven years' confinement. Appellant brings three issues on appeal, arguing that (1) there is a fatal variance between the allegation in the indictment and proof offered at trial because the Montague County conviction alleged for enhancement purposes does not exist;

---

[1]See Tex. R. App. P. 47.4.

(2) the trial court committed reversible error by admitting evidence of a nonexistent DWI conviction in Montague County for enhancement purposes and, therefore, the evidence is insufficient to support the conviction; and (3) the trial court committed reversible error because it failed to submit to the jury a requested instruction regarding the defense of necessity. Because we hold that the trial court reversibly erred by refusing to submit a necessity instruction to the jury, we reverse the trial court's judgment and remand this case to the trial court for new trial.

## I. Enhancement Allegation

The State alleged by indictment that Appellant had previously been convicted of DWI in cause number 4080047CCR in the 97th Judicial District Court of Montague County, Texas. Appellant argues in his first two issues that he was convicted in Clay County, not Montague County, and in support has attached two exhibits to his brief. The State argues, and the record reflects, that the two exhibits were not before the trial court. Because the exhibits are not part of the record, we cannot consider them.[2]

Additionally, Appellant stipulated to the conviction in cause number 4080047CCR. As the State points out, a criminal defendant may stipulate to any fact or to any element of an offense. When he does so, the stipulation is a "kind

---

[2]*See* Tex. R. App. P. 34.1; *Garrett v. State*, 566 S.W.2d 605, 609 (Tex. Crim. App. 1978).

of judicial admission," which may not be challenged on appeal.[3]  Because the trial court did not err by admitting evidence of the prior conviction in cause number 4080047CCR or by charging the jury regarding that conviction, we overrule Appellant's first two issues.

## II.  Necessity Instruction

In his third issue, Appellant argues that the trial court committed reversible error because it failed to submit to the jury a requested instruction regarding the defense of necessity.  Section 9.22 of the Texas Penal Code provides,

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.[4]

This court has held that "[a] charge on a defensive issue is required if the accused presents affirmative evidence that would constitute a defense to the crime charged and a jury charge is properly requested."[5]  If a defendant produces

---

[3]*Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005).

[4]Tex. Penal Code Ann. § 9.22 (West 2011).

[5]*Brazelton v. State*, 947 S.W.2d 644, 646 (Tex. App.—Fort Worth 1997, no pet.) (citing *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991)).

evidence raising each element of a requested defensive instruction, he is entitled to the instruction regardless of the source and strength of the evidence.[6]

At trial, Appellant testified that he had been at his office working on storage space for his computer business. In the evening, he bought a six-pack of beer and returned to his work constructing shelving. He drank the beer as he worked on the shelving late into the night and into the early morning. As Appellant was working on the shelves, they fell over, hitting him in the head and knocking him to the floor. Appellant felt blood running down his face from a cut on his temple near his left eye. He tried to stop the bleeding by applying pressure to the wound with a rag. The blood continued to flow, and Appellant became worried and decided to call for help. Because the shelves knocked the telephone from its normal position when they fell, Appellant was unable to find the telephone. Concerned because he was unable to stop the bleeding, Appellant decided to drive himself to the hospital, reasoning that there was probably very little traffic because of the late hour.

Appellant was unfamiliar with the area in which the hospital was located and ended up in downtown Wichita Falls. Wichita Falls City Police Officer Jonathan Anderson stopped Appellant for erratic driving. Officer Anderson

---

[6]*Id. (*citing *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996) (stating that accused has right to defensive instruction on *any* defensive issue raised by evidence whether evidence is strong or weak, contradicted or unimpeached, and regardless of what trial court thinks about credibility of defense)).

4

testified that he saw blood running down Appellant's face and a blood-soaked rag or shirt that Appellant was holding against the side of his head. Officer Anderson did not recall seeing any other vehicles on the road.

Officer Anderson arrested Appellant for DWI and transported him to the county jail. The jail staff refused to admit Appellant until he went to the hospital to have his head wound evaluated. Officer Anderson drove Appellant to the hospital, where he was treated and released back into police custody.

At the close of evidence, Appellant requested a jury instruction on necessity. The trial court denied the requested instruction.

It is well-established law that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense.[7] Appellant clearly raised the issue of necessity and clearly requested the instruction. The State argues that Appellant was not entitled to the necessity instruction because instead of making a split-second decision, Appellant made a considered decision to drive. The State takes its argument from language found in two opinions authored by this court.[8] The language to which the State refers is language that describes the

---

[7]*Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

[8]*Pennington v. State,* 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd); *Jackson v. State*, 50 S.W.3d 579, 594–95 (Tex. App.—Fort Worth 2001, pets. ref'd).

meaning of "imminent" and comes from an opinion from our sister court, the

Fourteenth Court of Appeals in Houston:

> "Imminent" means something that is impending, not pending; something that is on the point of happening, not about to happen. An "imminent harm" occurs when there is an emergency situation, and it is "immediately necessary" to avoid that harm when a split-second decision is required without time to consider the law. In this case, appellant had plenty of time to consider his options and the penalties he would receive if he decided to violate the court's order. The children were in his possession for almost 24 hours before they left Houston Intercontinental Airport. Furthermore, appellant concealed the location of his children for over seven years. We cannot hold that it was *immediately necessary* for him to keep them out of the United States for that long, regardless of what danger they were in before they left. Finally, evidence was introduced at trial as to the several lawful alternatives available to appellant. For example, appellant could have complained to Child Protective Services or filed for an Ex Parte Prohibitive Order. Additionally, he could have filed a Petition for Home Studies or for an Ex Parte Temporary Order. Instead of choosing a lawful means to protect his children, appellant made the contemplated decision to violate the court order.
>
> At oral argument, appellant asserted that his actions were reasonable because, although the trial court recognized Carolyn's drug problem, it still granted her temporary custody. In addition, after the second hearing was reset, he had no faith in the judicial system and in the meantime, felt that his children were being neglected or possibly abused by Carolyn. Lack of faith in the legal system cannot justify violating a court order.[9]

To illustrate the difference between that case and the one before us,

consider the following hypothetical: suppose that one of the children in that case

was sixteen years old and was kept drugged, but he nevertheless planned an

---

[9] *Smith v. State,* 874 S.W.2d 269, 272–73 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

6

escape during hours or days of captivity and managed to secure a vehicle to aid in the escape of himself and his siblings. Suppose that he was arrested for driving under the influence. No appellate court would hold that he should be denied the defense of necessity because he did not make a split-second decision to escape, to steal the vehicle, or to drive while drugged. To be entitled to a charge on necessity, it is the harm that the defendant seeks to avoid that must be imminent and not speculative or distant, not the decision to try to prevent the harm.[10]

The record shows that Appellant was bleeding and suggests that he was bleeding profusely. Appellant testified that he could not get his wound to stop bleeding. When asked what he thought was going to happen if he could not stop the bleeding, Appellant responded, "Well, I—I sure didn't want to lay there and bleed to death." Appellant's concern was apparently shared by jail personnel

---

[10] See *Vasquez v. State*, 830 S.W.2d 948, 950 (Tex. Crim. App. 1992) (holding the defense of necessity was raised by evidence that (1) while a prisoner, Vasquez had performed some functions that a prison guard would normally perform and was therefore disliked by many prisoners; (2) Vasquez was admitted to a hospital for injuries sustained from having been kicked in the back by a released prison gang member; (3) Vasquez claimed that ex-members of a prison gang kidnapped him from the hospital and held him captive; (4) Vasquez stated that he escaped from his kidnappers when he grabbed a gun from his distracted guard and fled; and (5) Vasquez was walking through a convenience store parking lot after escaping when he was arrested for possession of a firearm by a felon); *see also Roquemore v. State*, 60 S.W.3d 862, 872 (Tex. Crim. App. 2001) (Womack, J. concurring) ("Necessity justifies conduct that otherwise would be criminal, if the desirability and urgency of avoiding imminent harm clearly outweigh the harm sought to be prevented by the criminal law.").

because they insisted that he go to the hospital before they would accept him in the jail.

Because Appellant raised evidence of necessity and properly requested the instruction, the trial court erred by denying his requested necessity instruction.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error.[11]  In other words, a properly preserved error will require reversal as long as the error is not harmless.[12]  In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[13]

Because necessity is a justification, a jury who believed his necessity defense would be obligated to acquit Appellant of the offense of DWI.  Appellant,

---

[11]Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) ("A claim of jury-charge error is reviewed using the procedure set out in *Almanza*.").

[12]*Almanza*, 686 S.W.2d at 171.

[13]*Id.*; *see also Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

8

therefore, suffered harm as a result of the trial court's erroneous denial of his requested necessity instruction. We, therefore, sustain Appellant's third issue.

## III. Conclusion

Having overruled Appellant's issues regarding the offense-enhancing conviction but having sustained his jury charge issue, we reverse the trial court's judgment and remand this cause to the trial court for a new trial.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 2, 2012

9