

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00130-CR

BENJAMIN WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 16F0471-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

At Benjamin Williams' Bowie County jury trial for evading arrest or detention with a vehicle,[1] Williams wanted jurors to hear evidence that the reason he did not immediately comply with officers' directions that Williams stop his vehicle was because, in the past, he had been attacked and injured by other law enforcement officers and was, therefore, fearful of the officers seeking to stop him on this occasion. The trial court excluded at least some of the explanatory evidence Williams wanted aired.

On the evening in question, five Texarkana, Texas, police officers responded to a report of a disturbance in a residential neighborhood in Texarkana. The initial reports received by officers and additional information collected at the scene caused them to focus on Williams and his white sports utility vehicle (SUV). When officers first saw the Williams vehicle approaching them and were told by bystanders that such vehicle was being driven by the individual who caused the disturbance, officers began walking toward the vehicle and trying to get Williams to stop. As they approached to approximately fifty feet from the vehicle, Williams backed the vehicle away, then turned it around and drove away from the officers. Eventually, officers pursued Williams' vehicle for approximately three miles before Williams reached his residence and stopped. He was handcuffed at that time and place.

---

[1]*See* TEX. PENAL CODE ANN. § 38.04 (West 2016).

Williams appeals his conviction and life sentence[2] by asserting that it was preserved, harmful error to exclude evidence that he was previously injured by police—information which, Williams believes, could have given him a fair chance to establish his justification defense of necessity. Erroneously excluding defense evidence is constitutional error if, but only if, the excluded evidence is so vital that, without it, the defendant is effectively precluded from presenting a viable defense. *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). That lies at the heart of Williams' argument on appeal.

The State asserts that the trial court did not abuse its discretion in excluding the remote-in-time evidence. Because we agree with the State that there was no abuse of discretion in excluding any evidence for which error was preserved, we affirm the trial court's judgment.

We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Gittens v. State*, 560 S.W.3d 725, 731–32 (Tex. App.—San Antonio 2018, no pet.)); *Dewalt v. State*, 307 S.W.3d 437, 451 (Tex. App.—Austin 2010, pet. ref'd). This standard applies even when the accused complains, as Williams does here, that the exclusion of evidence impaired his constitutional right to a meaningful opportunity to present a defense. *See Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). There is no abuse of discretion unless the trial court's ruling lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005); *Dewalt*, 307 S.W.3d at 451. If the ruling on

---

[2]Williams' sentence was assessed after the jury heard evidence of numerous prior convictions and bad behavior by Williams. The sentence is not made the subject of any point on appeal.

evidence is correct on any applicable theory of law, it will not be overturned, regardless of the trial court's expressed reasoning. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

The defense of necessity may justify otherwise criminal behavior if the actor reasonably believes the charged conduct is immediately necessary to avoid imminent harm, the desirability and urgency of avoiding the harm clearly outweighs, according to ordinary standards of reasonableness, the harm sought to be prevented, and no legislative purpose exists to exclude the defense. TEX. PENAL CODE ANN. § 9.22 (West 2011).

But a generalized fear is insufficient; a necessity defense requires there to be, among other proof, evidence of a specific imminent harm on the occasion in question. *Stefanoff v. State*, 78 S.W.3d 496, 499–500 (Tex. App.—Austin 2002, pet. ref'd) (evidentiary sufficiency on necessity defense). While the disputed items of evidence, admitted or otherwise, may very well explain why Williams was generally fearful of police, Williams' generalized fear of police, without more, does not support the defense of necessity. *See* TEX. PENAL CODE ANN. § 9.22(1) (West 2011); *Brazelton v. State*, 947 S.W.2d 644, 648 (Tex. App.—Fort Worth 1997, no pet.). Even if a fear of harm is sincerely held, that fear is unreasonable as a matter of law if there is no evidence of immediacy or imminence of the harm, that is, no proof of a contemporaneous threat. *See Washington v. State*, 152 S.W.3d 209, 212 (Tex. App.—Amarillo 2004, no pet.) (charge on necessity not warranted without evidence of immediacy of danger); *Arnwine v. State*, 20 S.W.3d 155, 159 (Tex. App.—Texarkana 2000, no pet.) (same). Neither the evidence in this record nor the excluded evidence points to any immediate or direct threat to Williams' safety.

Williams attempted to testify to a number of different prior altercations with police causing him to fear other police officers on the occasion in question. Some of that testimony was admitted; some was excluded.

The trial court did not allow Williams to place before the jury either (1) any details about his specific injuries at the hands of police as a result of one or more prior altercations between Williams and police or (2) information that he had to go to a hospital as a result. The trial court ruled that the desired added detail was not relevant and, thus, not admissible. While there was no formal offer of proof, it is at least arguable that, from the context, it is apparent that Williams wanted to testify, and would have testified, that police had attacked him on various prior occasions, injuring him enough to require at least one hospital trip. Because error may have been preserved with respect to the exclusion of this evidence,[3] we will discuss that evidence below.

Williams was also not allowed to testify regarding a prior event that happened at a place of business owned by a Bubba Green, but there was neither an offer of proof nor any discussion on the record that would provide the essence of the desired evidence. So, as to that evidence, nothing has been preserved for our review.

---

[3]Before any error in the exclusion of evidence is preserved for our review, Williams must have made an offer of proof or a bill of exceptions or must demonstrate that the substance of the excluded evidence was apparent from the context within which questions were asked. *See* TEX. R. EVID. 103; *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). Here, though there was no offer of proof or bill of exceptions, from the context of the questions posed by Williams and his argument to the trial court, the substance of the excluded evidence is apparent, that, on previous occasions, Williams had had encounters with police in which police attacked him and caused him one or more injuries requiring medical diagnosis or treatment.

The parties and the trial court agreed at trial that at least some of what Williams wanted to testify to was already in the record via his earlier testimony.[4] To the extent the evidence of prior altercations was before the jury, there was obviously no exclusion error.

From this record, it is apparent that, in Williams' attempt to justify his refusal to stop for police, his desired but excluded evidence was solely about prior altercations Williams had had with police. The trial court ultimately ruled that any specific evidence regarding Williams' previous encounters with police was irrelevant and would be excluded.

As to the excluded Williams evidence that would have provided details about his past injuries at the hands of police and medical treatment therefor, we assume, for the purpose of argument, that any error in excluding that evidence was preserved. Williams' problem in connection with this evidence is that it was all remote in time from the night of his offense and did not demonstrate any immediate threat that had been posed to Williams at, or shortly before, the time he decided to drive away from officers. The trial court was, therefore, within its discretion to exclude this proposed detail evidence. *See Baines v. State*, 418 S.W.3d 663, 669–71 (Tex. App.—Texarkana 2010, pet. ref'd) (events in past insufficient to establish immediate necessity to evade arrest); *Dewalt*, 307 S.W.3d at 453–56 (evidence of past events, without immediacy, excludable); *see also Brazelton*, 947 S.W.2d at 648 (possible loss of custody not evidence of imminent safety threat); *Cyr v. State*, 887 S.W.2d 203, 207 (Tex. App.—Dallas 1994, no pet.) (prior unlawful abortions not evidence of imminent unlawful abortions).

---

[4]At one point, the trial court instructed the jury to disregard Williams' testimony that he feared the police because the police broke his nose on a prior occasion. At a different point, Williams was able to testify without objection that he failed to stop at the location where the police began their efforts to stop him because he did not want to get pepper sprayed or "tazed" or to have his nose broken by police, as he said happened on prior occasions.

Also, the case for excluding the remote evidence was strengthened because, the remote evidence's minimal, or complete lack of, relevance was accompanied by a significant potential to have misled the jury, inviting a decision on an improper basis, Williams' general fear of law enforcement. *See* TEX. R. EVID. 403; *Distefano v. State*, 532 S.W.3d 25, 31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 847–48 (Tex. App.—Tyler 2015, no pet.).

Because the trial court was within its discretion to exclude the evidence on which any error was preserved, and because error was not preserved on the other excluded, but complained of, evidence, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 26, 2019
Date Decided:       March 21, 2019

Do Not Publish