

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00347-CR

**QUALON DESHON WEAVER,**

 **Appellant**

 **v.**

**THE STATE OF TEXAS,**

 **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2020-155-C2

## MEMORANDUM OPINION

In Weaver's sole issue on appeal, he contends that the trial court reversibly erred in refusing to submit to the jury his requested instruction on the affirmative defense of necessity. We reverse and remand this case for a new trial.

### Background

Weaver was charged by indictment with the felony offense of evading arrest or detention with a vehicle for fleeing from a traffic stop initiated by Officer Christopher

Marek. *See* TEX. PENAL CODE ANN. § 38.04. At trial, Weaver testified and admitted to the charged offense. He contended, however, that he committed the offense because he feared for his life. At the charge conference, Weaver's trial counsel verbally requested an instruction on the defense of necessity. *See id.* at § 9.22. The State objected to the inclusion of the instruction in the jury charge, relying on *Harper v. State* to argue that Weaver's belief that his conduct was immediately necessary to avoid imminent harm was unreasonable as a matter of law because there was no evidence of any actual imminent harm. 508 S.W.3d 461, 467-68 (Tex. App.—Fort Worth 2015, pet. ref'd). The trial court denied the requested necessity instruction, and the jury found Weaver guilty of the charged offense.

## Necessity Defense

Weaver contends that he was entitled to a jury instruction on the defense of necessity because there was some evidence presented of each element of the defense, and the reasonableness of his belief that his conduct was immediately necessary to avoid imminent harm was a question properly left to the discretion of the jury. The State argues that Weaver was not entitled to the defensive instruction because the evidence fails to show "the possibility of any harm, imminent or not," and fails to demonstrate how Weaver's conduct reasonably "served to avoid whatever possible harm he had conjured in his mind."

STANDARD OF REVIEW

When reviewing alleged jury charge error, we first determine if error exists in the jury charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we then determine whether the error harmed the appellant. *Id.* The degree of harm necessary for reversal depends on whether the appellant properly preserved the error. *Id.* We review a trial court's decision not to include a defensive issue in the jury charge for an abuse of discretion and view the evidence in the light most favorable to the requested instruction. *See Maciel v. State*, 631 S.W.3d 720, 722 (Tex. Crim. App. 2021); *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

ERROR IN THE JURY CHARGE

The trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case[.]" *Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). The jury must be instructed on requested statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence in the case. *Id.* at 208-09. A defense is raised by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that the element is true. *Maciel*, 631 S.W.3d at 723 (citing *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007)). "Credibility is for the jury to decide; the courts' only role is to determine if there is some evidence –

even if weak, inconsistent, or contradictory – that a rational jury could find supports the defense." *Rodriguez v. State*, 629 S.W.3d 229, 231 (Tex. Crim. App. 2021).

The affirmative defense of necessity under Texas Penal Code Section 9.22 provides that conduct that is otherwise criminal is justified if:

> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing conduct; and
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*See* TEX. PENAL CODE ANN. § 9.22. When we assess the evidence that supports the defense of necessity, we consider the facts as they existed at the time of the criminal act and consider the circumstances from the viewpoint of the accused. *Taylor v. State*, No. 11-12-00317-CR, 2014 Tex. App. LEXIS 12757, at *21 (Tex. App.—Eastland Nov. 26, 2024, pet. ref'd) (mem. op.) (citing to *Wood v. State*, 271 S.W.3d 329, 334 (Tex. App.—San Antonio 2008, pet. ref'd)).

The first prong of the necessity defense requires evidence that the defendant reasonably believed a specific harm was imminent and that his criminal conduct was immediately necessary to avoid the imminent harm. *Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd). A belief is reasonable if it would be "held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42). Generally, whether a defendant was prompted to act by a

reasonable belief is a question for the factfinder. *See Sanders v. State*, 707 S.W.2d 78, 79-80 (Tex. Crim. App. 1986). "[I]mminent harm contemplates a reaction to a circumstance that must be the result of a 'split-second decision [made] without time to consider the law'" and requires "an immediate, non-deliberative action made without hesitation or thought of the legal consequence." *Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.—Austin 2002, pet. ref'd) (citing *Smith v. State*, 874 S.W.2d 269, 272-73 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd)). The second prong of the necessity defense asks whether there was evidence that the desirability and urgency of avoiding the harm clearly outweighs, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing conduct. TEX. PENAL CODE ANN. § 9.22(2). The phrase "ordinary standards of reasonableness" may be defined as the standards that an ordinary and prudent person would apply to the circumstances that the actor faced. *Williams v. State*, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982).

Viewing the evidence in the light most favorable to Weaver's requested instruction, the record reveals the following: Weaver testified that he was assaulted in 2016 by Officer George Neville during a traffic stop. When Weaver put the car in park, he was removed from the vehicle and handcuffed. Officer Neville arrived on scene to assist in the traffic stop. When Weaver refused to provide his name to law enforcement, Officer Neville grabbed Weaver by the throat. Neither of the two additional officers on

scene pulled Officer Neville off of Weaver. Officer Neville was later tried and convicted of assault and official oppression for his conduct.

In the instant case, Weaver explained that at approximately 11:00 p.m., he drove his girlfriend's vehicle to a gas station to load money onto a prepaid debit card. Officer Marek entered the gas station. Weaver then exited the store and began pumping fuel into his girlfriend's vehicle. When Officer Marek subsequently exited the store, instead of driving away, he sat in his police vehicle in the parking lot while Weaver finished pumping fuel. Once Weaver got into the driver's seat of his girlfriend's vehicle, Officer Marek moved his patrol vehicle up behind Weaver. Weaver made a phone call to his girlfriend and told her, "I think this officer is fixing to mess with me because he was at the store the whole time I pumped the gas and he … didn't get behind me until I got inside the car." After waiting three or four minutes, when Officer Marek did not initiate a traffic stop or otherwise contact Weaver, Weaver exited the parking lot. Unbeknownst to Weaver, the return showed unconfirmed insurance on the vehicle. Officer Marek followed Weaver out of the parking lot and turned on his overhead lights. Shortly thereafter, Weaver pulled into a nearby mall parking lot and came to a stop. Officer Marek parked, exited his vehicle, and began putting on his jacket, which caused some delay in Officer Marek approaching Weaver.

At this moment in time, from Weaver's viewpoint, there was no known legitimate reason justifying this traffic stop. The officer who pulled him over had observed him at

the gas station for several minutes before deciding to pull up behind him and sit for three to four more minutes without making contact. Further, because the officer did not initiate the traffic stop at the gas station, Weaver found himself sitting alone in a dark and empty parking lot while the officer was delayed in approaching the vehicle. When Weaver was previously in similar circumstances, he was physically assaulted by a law enforcement officer while handcuffed. Weaver felt the officer was stalking him and became concerned enough about this specific officer's conduct to call his girlfriend and express his fear that the officer was going to harm him. Weaver fled from the parking lot before Officer Marek could contact him. He testified that he was so terrified, he continued to evade Officer Marek until he crashed the car.

We recognize that a generalized fear of harm has been found insufficient to raise the defense of necessity, and that a defendant's belief that his conduct was immediately necessary to avoid imminent harm may be deemed unreasonable as a matter of law if the undisputed facts demonstrate a complete absence of immediate necessity or imminent harm. *See Chunn v. State*, 821 S.W.2d 718, 719-20 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Murkledove v. State*, 437 S.W.3d 17, 25 (Tex. App.—Fort Worth 2014, pet. ref'd.). However, Weaver did not, as the State suggests, merely express a general distrust of peace officers or fail to describe "words or acts by Officer Marek that suggested he…might be harmed[.]" Weaver testified that he feared harm at the hands of Officer Marek based on specific, identifiable actions of Officer Marek surrounding the traffic stop

and in conjunction with his prior assault by another police officer. *See Brazelton v. State*, 947 S.W.2d 644, 649 (Tex. App.—Fort Worth 1997, no pet.); *Wood v. State*, 271 S.W.3d at 335; *Pennington*, 54 S.W.3d at 857-58. He offered some evidence - however weak, impeached, contradicted, or incredible – to raise the issue as to whether he reasonably believed a specific harm was imminent, whether he reasonably believed his conduct was immediately necessary to avoid that harm, and whether, according to ordinary standards of reasonableness, the desirability and urgency of avoiding the harm clearly outweighed the harm sought to be prevented by his illegal conduct. In determining whether evidence raises a defense, the credibility of the evidence is not at issue. *See Brazelton*, 947 S.W.2d at 646. The ultimate determination of the reasonableness of Weaver's belief under the circumstances was "a function reserved for a properly instructed jury." *Maciel v. State*, 689 S.W.3d 609, 618 (Tex. Crim. App. 2024) (citing *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)).

We find that the evidence, when viewed in the light most favorable to the requested instruction, was sufficient to require submission of the necessity defense to the jury, and the trial court abused its discretion in refusing to do so.

HARM ANALYSIS

Charge error requires reversal when a proper objection is made and the reviewing court finds "some harm." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Because Weaver verbally requested the necessity instruction and articulated why he

believed he was entitled to it, we apply this "some harm" standard to our review. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007); *Mays v. State*, 318 S.W.3d 368, 383 (Tex. Crim. App. 2010). The harm suffered must be actual, rather than merely theoretical. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). In our review, we consider the jury charge as a whole, the arguments of counsel, the entirety of the evidence and any other relevant factors present in the record. *Bailey v. State*, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993) (citing *Almanza*, 686 S.W.2d at 171).

The State argues that Weaver suffered only theoretical harm, citing to *French v. State* to advance its position that, in essence, had the necessity instruction been submitted, Weaver would have lost on the merits. 563 S.W.3d 228 (Tex. Crim. App. 2018). We first note that *French* is distinguishable from the instant case. In *French*, the question was one of jury unanimity, not of failure to submit a confession-and-avoidance defense. *See id.* at 233-34. The jury was presented with four alternative options for convicting the appellant on a single count of aggravated sexual assault of a child, with the options varying based on whether the appellant either penetrated or contacted one or another of the child's body parts. *Id*. The Court of Criminal Appeals concluded that the appellant did not suffer "some harm" because, based on the specific facts of that case, the risk was "so 'highly unlikely' as to be 'almost infinitesimal'" that the jury would have convicted the appellant

on the basis that he contacted and/or penetrated one of the child's body parts and not also on the basis that he contacted and/or penetrated the other. *Id.* at 237-38.

In contrast, failure to instruct on a confession-and-avoidance defense is rarely harmless because "its omission leaves the jury without a vehicle by which to acquit a defendant who has admitted to all the elements of the offense." *Rogers v. State*, 550 S.W.3d 190, 192 (Tex. Crim. App. 2018) (quoting *Cornet v. State*, 417 S.W.3d 446, 451 (Tex. Crim. App. 2013)). Such is the case here. Defense counsel specifically discussed the necessity defense during voir dire. Weaver then testified during trial and admitted to each element of evading arrest or detention in a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04. The State noted during argument that Weaver "couldn't say that wasn't him and he didn't do it. So he got on the stand and tried to give you some kind of story about why he did it." The State further argued, "Just because [the assault by Officer Neville] happened to him – which should not have happened to him – does not give him a get-out-of-jail-free card for the rest of his life." Meanwhile, defense counsel could only plead with the jury to "look at it from Mr. Weaver's perspective" without the ability to provide the jury with a legal avenue for acquittal. Absent a necessity instruction, the jury had no vehicle to acquit Weaver of the charged offense to which he fully admitted. We hold that Weaver suffered some harm from the trial court's failure to charge the jury on the defense of necessity.

Having determined that the trial court abused its discretion in denying Weaver's requested necessity instruction and that the error was harmful, we sustain Weaver's sole issue on appeal.

## Conclusion

Having sustained Weaver's sole issue on appeal, we reverse the judgment of the trial court and remand this case for a new trial.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Smith, and
     Justice Rose[1]
Reversed and remanded
Opinion issued and filed December 30, 2024
Do not publish
[CRPM]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.